UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD M.[1],

                              Plaintiff,

    v.                                       3:21-CV-677
                                                (LEK/ATB)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

RONALD M., Plaintiff pro se
HUGH RAPPAPORT, Special Asst. U.S. Attorney for Defendant

ANDREW T. BAXTER, U.S. Magistrate Judge

**REPORT and RECOMMENDATION**

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Court Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Presently before the court is the defendant's motion to dismiss, based on the expiration of the statute of limitations.[2] (Dkt. No. 14). Plaintiff has not filed a response in opposition to the defendant's motion.

**I.    PROCEDURAL HISTORY**

On February 26, 2020, an Administrative Law Judge denied plaintiff's

---

[1] In accordance with recent guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Report and Recommendation will identify the plaintiff using only his first name and last initial.

[2] Defendant has filed a memorandum of law, together with exhibits in support of the motion to dismiss. (Dkt. Nos. 14-1, 14-2). The exhibits include some of the previous administrative documents relative to this court action. (Dkt. No. 14-2).

application for Disability Insurance Benefits ("DIB"). (Declaration of Lesha Cowell ("Cowell Decl.") ¶ 3(a) & Ex. 1). On October 29, 2020, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Cowell Decl. ¶ 3(a) & Ex. 2). The Appeals Council decision was mailed the same day that it was issued, and it was sent to the address plaintiff provided to the agency.[3] (*Id.*). A copy was also sent to plaintiff's representative.[4] (*Id.*) The Appeals Council notice specifically informed plaintiff of the sixty (60) day deadline for filing a federal court action in order to challenge the final decision of the Commissioner under 42 U.S.C. § 405(g). (*Id.* Ex. 2 at 2). The notice further stated that the agency "assumed" that the plaintiff received the letter five days after the date on the front of the notice, unless plaintiff showed the Commissioner otherwise. (*Id.*) Plaintiff filed this federal court action on June 10, 2021. (Dkt. No. 1).

I.  **Timeliness of Filing**

   A.  **Legal Standards**

Section 405(g) of the Social Security Act permits a claimant who has been denied benefits to obtain judicial review of the Commissioner's denial by bringing a civil action in the judicial district of the claimant's residence within 60 days of the mailing of the Notice of Decision. 42 U.S.C. § 405(g). The regulations provide that the sixty-day period begins to run upon the claimant's receipt of the notice, which is presumed to be five days after the date listed on the Appeal Council notice. 20 C.F.R. § 422.210(c).

---

[3]This is the same address that plaintiff provided to the court.

[4]Although plaintiff is proceeding pro se before this court, it appears that he was represented by counsel at the administrative level. (Cowell Decl. Ex. 1 at 4).

*See Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). The sixty-day limitations period must be strictly construed because it is a condition to the government's waiver of sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Generally, failure to timely file, even where the delay is minor, will require dismissal of the complaint. *Johnson v. Astrue*, No. 12-CV-2736, 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) (citing *Plaintiff v. Commissioner of Soc. Sec.*, 519 F. Supp. 2d 448, 448 (S.D.N.Y. 2007); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)).

Notwithstanding the strict application of the statute of limitations, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that 'he has been pursuing his rights diligently;' and that 'some extraordinary circumstance stood in his way.'" *Reape v. Colvin*, No. 1:12-CV-1426, 2015 WL 275865, at *3 (N.D.N.Y. Jan. 22, 2015) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation omitted)). It is the plaintiff's burden to show that equitable tolling is justified. *Id.* (citing *Liranzo v.. Astrue*, No. 07–CV–5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd*, 411 F. App'x 390 (2d. Cir. 2011)). *See also Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). The application of this doctrine is appropriate only in "rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli–Edelglass v. N.Y. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted). While "equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because

Congress intended to be unusually protective of claimants in this area." *Liranzo*, 2010 WL 626791, at *3 (citations omitted).

However, the plaintiff must "'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [her] filing.'" *McPherson v. Comm'r of Soc. Sec.*, No. 17-CV-3250, 2019 WL 2477795, at *3 (E.D.N.Y. June 12, 2019) (quoting *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances justifying equitable tolling include where the plaintiff "'(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment.'" *Id.* (quoting *Cole-Hill ex. rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 485 (W.D.N.Y. 2015) (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)).

### B.   Application

As stated above, the Appeals Council notice to plaintiff was dated October 29, 2020, and plaintiff was presumed to have received the notice five days later on November 3, 2020.  20 C.F.R. § 422.210(c).  Sixty days would have expired on Saturday, January 2, 2021.  However, because the last day of the period was a Saturday, plaintiff would have had until Monday, January 4, 2021 to file his federal court action. (*See* Defendant's MOL at 1–2). Plaintiff did not file his complaint until June 10, 2021.

(Dkt. No. 1). Thus, the complaint was filed more than five months late.

Because the statute of limitations expired prior to plaintiff commencing this action, the complaint must be dismissed unless equitable tolling applies. Although the court sua sponte afforded plaintiff an extension of time, he has failed to respond to the defendant's motion in any respect, much less argue that equitable tolling applies to his circumstances. (Dkt. No. 15). The record reflects that plaintiff never sought an extension of the sixty day deadline, and there is otherwise nothing in the record to show that plaintiff is entitled to equitable tolling. Accordingly, plaintiff's action is untimely and the court is constrained to dismiss the complaint. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 14) be **GRANTED**, and the plaintiff's complaint be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 30, 2022

Andrew T. Baxter
U.S. Magistrate Judge